

2011 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-26-2011

# Michael Wayne v. Glen Mills Sch

Precedential or Non-Precedential: Non-Precedential

Docket No. 10-2793

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2011

Recommended Citation

"Michael Wayne v. Glen Mills Sch" (2011). *2011 Decisions.* Paper 632.
http://digitalcommons.law.villanova.edu/thirdcircuit_2011/632

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2011 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT
_____

No. 10-2793
_____

MICHAEL WAYNE
*Appellant*
V.

THE GLEN MILLS SCHOOLS

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-08-cv-04899)
District Judge: The Honorable Cynthia M. Rufe

Submitted May 24, 2011

Before: McKEE, *Chief Judge*, SCIRICA, *Circuit Judge*,
and RENDELL, *Circuit Judge*

(Opinion Filed: August 26, 2011)

Neil E. Botel, Esq.
Schrom & Shaffer
4 West Front Street
Media, PA 19063

Nicholas Casamento, Esq.
Front Street Lawyers
2 West Baltimore Pike
Flagship Corporate Center, Suite 320
Media, PA 19063

*Attorneys for Appellant*

Guy Vilim, Esq.
Vilim & Maddox
11 South Olive Street
Second Floor
Media, PA 19063

     *Attorney for Appellee*


OPINION

McKEE, *Chief Judge*.

Michael Wayne appeals the district court's grant of summary judgment in an action that he filed pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.* We will affirm.

Because we write primarily for the parties who are familiar with this case, we need not repeat the facts or procedural history in detail. We note only that Wayne was terminated from his position at Glen Mills following his arrest for possession of marijuana. Wayne, who is Black, alleges that Glen Mills was motivated by racial bias, and that he was treated differently than White colleagues who were similarly situated. He claims those colleagues were not terminated even though they had also been arrested.

In its detailed and well reasoned opinion, the district court determined that Wayne could not establish a *prima facie* case because none of the similarly situated employees outside his protected class received more favorable treatment. All of the employees who had worked under the same supervisor as Wayne and engaged in illegal drug use had been terminated. The district court also held that Glen Mills' zero-tolerance policy with

2

regard to staff drug use constituted a legitimate, nondiscriminatory reason for Wayne's discharge.

In light of the district court's thoughtful opinion, we need not engage in a redundant analysis only to reach the same result. Accordingly, we will affirm the district court substantially for the reasons set forth in the district court's Memorandum and Order without further elaboration.